U.S.IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KORI STAUB & MORGAN JONES, | § | |
| ON BEHALF OF THEMSELVES | § | |
| AND ALL OTHERS | § | |
| SIMILARLY SITUATED | § | |
|     Plaintiffs, | § | |
| | § | Civil Action No: 2:20-cv-00100-JRG-RSP |
| VS. | § | |
| | § | COLLECTIVE ACTION UNDER |
| HERB & DEE'S BREAK ROOM | § | 42 U.S.C. § 216(b) |
| SOCIAL CLUB, INC., HERBERT | § | |
| MARVIN WILBURN, JR., & | § | |
| DEIDRE BOCKMON | § | |
|     Defendant. | § | JURY DEMANDED |

## PLAINTIFFS' AMENDED ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Kori Staub and Morgan Jones ("Named Plaintiffs") on behalf of themselves and

all other similarly situated ("Class Members") (Named Plaintiffs and Class Members are

collectively referred to as "Plaintiffs") bring this suit against Herb & Dee's Break Room Social

Club, Inc., Herbert Marvin Wilburn, Jr., and Deidre Bockmon (the "Defendants") under the Fair

Labor Standards Act, 29 U.S.C § 201, *et seq.*, as amended.

## I. NATURE OF SUIT

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions

detrimental to the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals,

the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C.

§§ 206(a) & 207(a). The FLSA sets the general national minimum wage at $7.25 per hour. 29

U.S.C. § 206(a)(1). The FLSA contains an exception that permits employers to pay less than the

general minimum wage—$2.13 per hour—to a "tipped employee" as long as the employee's tips

make up the difference between the $2.13 minimum wage and the general minimum wage. *Montano v. Montrose Rest. Assocs.*, 800 F.3d 186, 188 (5th Cir. 2015) (citing 29 U.S.C. § 203(m)(2)).

2.      Defendants violated the FLSA by failing to pay their employees at a rate of at or above the minimum wage and failed to pay nonexempt employees one and one half times their regular rates of pay for hours worked in excess of forty hours per each seven day workweek.

3.      Because there are other putative Plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4.      Named Plaintiffs Kori Staub and Morgan Jones are residents of Gregg County, Texas. Named Plaintiffs bring this action individually and, pursuant to § 216(b) of the Fair Labor Standards Act, as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

5.      Defendant Herb and Dee's Break Room Social Club, Inc. is a domestic nonprofit corporation formed and existing under the laws of the State of Texas. It may be served with the Complaint and Summons by serving its registered agent for service, Herbert M. Wilburn, at 1408 W. Marshall Ave. Suite A, Longview, Texas 75604.

6.      Defendant Herbert Marvin Wilburn, Jr. is a natural person and resident of the State of Texas. He may be served with the Complaint and Summons at 900 Blueridge Parkway, Longview, Texas 75605.

7.      Defendant Deidre Bockmon is a natural person and resident of the State of Texas. She may be served with the Complaint and Summons at 900 Blueridge Parkway, Longview, Texas 75605.

## III. JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the FLSA. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

9.      This Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed action in Texas that give rise to this cause of action.

10.      Venue is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), because Defendants are located in and do business in this Division, and Plaintiffs were employed in this Division.

## IV. COVERAGE UNDER THE FLSA

11.      At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

12.      At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.      At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

the FLSA, 29 U.S.C. § 203(s)(l), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15.    At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(l)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. <u>FACTS</u>

16.    Defendant Herb & Dee's Break Room Social Club, Inc. is in the business of owning and operating a pool hall located at 1408 W. Marshall Ave. Suite A, Longview, Texas 75604.

17.    Plaintiffs are Defendants' current and former employees who were not compensated at a rate of at or above the minimum wage and were not paid overtime at one and one half times their regular rates of pay for hours worked in excess of forty hours per each seven day workweek paid minimum wage. Defendants employed Named Plaintiffs and Class Members during the three-year period preceding the filing of this Original Complaint. Named Plaintiffs and Class Members would provide services at the pool hall.

18.    Named Plaintiffs and Class Members were only compensated in the form of tips in connection with the work performed for Defendants. Defendants failed to pay Named Plaintiffs and Class Members enough to compensate them at a rate at or above the minimum wage.

19.     Additionally, Named Plaintiffs and Class Members regularly worked in excess of 40 hours per work. However, Defendants did not pay any overtime wages as required by the FLSA.

20.     Defendants maintained control, oversight, and direction over its operations, including employment practices. Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs and those similarly situated during their employment with Defendants.

21.     Named Plaintiffs and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

22.     At all times relevant hereto, all Defendants knew of, approved of, and benefited from the regular work of Named Plaintiffs and those similarly situated.

23.     Defendants did not make a good faith effort to comply with the minimum wage provisions contained within the FLSA. Defendants' actions were willful and in blatant disregard for the federally protected rights of Named Plaintiffs and those similarly situated.

24.     Defendants Herbert Marvin Wilburn, Jr. and Deidre Bockmon were managers of Herb and Dee's Break Room Social Club, Inc. with "substantial control over the terms and conditions of the work" of Named Plaintiffs and those similarly situated.  As such, Defendants Wilburn and Bockmon are "employers" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

## VI. CLAIMS

25.     The FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Named Plaintiffs allege that the failure to pay Named Plaintiffs and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Named Plaintiffs allege that the failure to pay

Named Plaintiffs and all those similarly situated the statutorily mandated minimum wage is a direct violation of the FLSA statutes and regulations. Further, Named Plaintiffs allege that the failure to pay Named Plaintiffs and all those similarly situated one and one-half their regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Named Plaintiffs and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## VII. COLLECTIVE ACTION

26.     Pursuant to 29 U.S.C. § 216(b), Named Plaintiffs bring this action in their individual capacities and as a collective action. Named Plaintiffs seek this Court's appointment and/or designation as representative of a class of similarly situated employees of Herb & Dee's Break Room Social Club, Inc. who were not paid minimum wage and overtime for the hours worked as described herein. On information and belief, there are other employees of Defendants who were not paid the statutorily mandated minimum wage and overtime as described herein.

27.     Defendants have a policy or practice of not paying its employees minimum wage and overtime. This policy of practice is and has been, at all relevant times, applicable to the Named Plaintiffs and Class Members. Application of this policy of practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of minimum wages and overtime to Named Plaintiffs also applied to all Class Members.

28.     The class is therefore defined as:

> All current and former employees who: (1) were not paid at a rate at or above the minimum wage; and (2) were not paid one and one half times their regular rates of pay for hours worked in excess of forty hours per each seven day workweek.

## VIII. DEFENDANTS' WILLFULLNESS

29.     Defendants never consulted with a CPA or attorney before employing their noncompliant pay method of compensating Named Plaintiffs and the class members. Defendants never consulted with any Department of Labor publication regarding the method of compensating Named Plaintiffs and the class members. Defendants willfully ignored the application laws and regulations pertaining to the compensation of Named Plaintiffs and the class members.

## IX. JURY DEMAND

30.     Named Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, Plaintiffs pray that the class be certified, and that the Plaintiffs and each member of the class recover from Defendants Herb & Dee's Break Room Social Club, Inc., Herbert Marvin Wilburn, Jr., and Deidre Bockmon the following:

1.      The unpaid wages due to Plaintiffs;
2.      Liquidated damages authorized by the applicable statutes;
3.      Unpaid wages due to all class members;
4.      Liquidated damages to all class members;
5.      Court costs;
6.      Attorneys' fees; and
7.      Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *Eric Kolder*_____
ERIC KOLDER
State Bar Card No. 24083323
ekolder@rameyflock.com
ARCHER K. RAMEY
State Bar No. 24103596
aramey@rameyflock.com
100 E. Ferguson, Suite 404
Tyler, Texas 75702
(903) 597-3301

**PLAINTIFFS' AMENDED ORIGINAL COMPLAINT**                                   **PAGE 7**

(903) 597-2413 (FAX)

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service on May 6, 2020. Local Rule CV-5(a)(3)(A).

/s/ *Eric Kolder*_____
ERIC KOLDER