IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KORI STAUB, MORGAN JONES, KATIE CARLTON, TERESA AUTERY & JESSICA AYTES, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED <br>     Plaintiffs, <br><br> VS. <br><br> HERB & DEE'S BREAK ROOM SOCIAL CLUB, INC., HERBERT MARVIN WILBURN, JR., & DEIDRE BOCKMON <br> Defendant. | § § § § § § § § § § § § § § § § | Civil Action No: 2:20-cv-00100-JRG-RSP <br><br> COLLECTIVE ACTION UNDER 42 U.S.C. § 216(b) <br><br><br> JURY DEMANDED |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

TO THE CLERK OF THE COURT:

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiffs Kori Staub, Morgan Jones, Katie Carlton, Teresa Autery, and Jessica Aytes ("Plaintiffs"), file this Motion for Default Judgment and as grounds states the following:

### I.   PROCEDURAL BACKGROUND

Plaintiffs filed their Second Amended Complaint regarding Fair Labor Standards Act ("FLSA") violations against Defendants Herb & Dee's Break Room Social Club, Inc., Herbert Marvin Wilburn, Jr., and Deidre Bockmon ("Defendants") on June 16, 2020.  (Doc. 14). Defendants were personally served with the Summonses and Second Amended Complaint on June 18, 2020. (Doc. 16-18).  Defendants' answer deadline was July 9, 2020; however, they have failed to plead or otherwise respond to the complaint.  Accordingly, on July 10, 2020, the clerk's default was entered against Defendants. (Doc. 20).

## II.     LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed.R.Civ.P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Second, the clerk must enter the party's default when it is established by affidavit or otherwise. Fed.R.Civ.P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Lastly, a plaintiff must then apply for a default judgment.

After the clerk enters the default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). If the claim is for a sum certain or a sum that can be mathematically calculated the clerk enters judgment. Fed.R.Civ.P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment, and a court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other matter. Fed.R.Civ.P. 55(b)(2).

If plaintiffs submit sworn and uncontested statements of their hours worked, the Court may find that the amount of damages in question can be reasonably calculated without the need for hearing given that the statutory provisions for FLSA damages are clear. *Montes v. Metro Materials & Mach., LLC*, 6:18-CV-00367-RWS, 2018 WL 6737416, at *2 (E.D. Tex. Oct. 12, 2018), report and recommendation adopted, 6:18-CV-00367-RWS, 2019 WL 118028 (E.D. Tex. Jan. 7, 2019)

### III.     DEFAULT JUDGMENT

**A. Steps One and Two are complete.**

In this case, Defendants have failed to plead or otherwise respond to the complaint within the time required by Rule 12, and the Clerk entered a default accordingly on July 10, 2020. Consequently, Plaintiffs here apply for a default judgment.

**B. Damages.**

The FLSA states in pertinent part that "[a]ny employer who violates section 206 or section 207 of this title [overtime provision] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA further states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. *Id*

Once the Court finds that default judgment is appropriate as to Plaintiffs' FLSA claims, the Court next considers what damages would be appropriately awarded for those uncontested violations. Plaintiffs seek their statutory damages pursuant to 29 U.S.C. § 216(b). 29 U.S.C. § 216(b) provides, in relevant part, that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." § 216(b).

Defendants are not entitled to the "tip credit" contained in 29 U.S.C. § 203(m).  Section 203(m) states that the tip credit "shall **not** apply with respect to any tipped employee **unless** such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee." (emphasis added).   The accompanying

regulations state that "employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: the amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee." 29 CFR § 531.59(b).

The tip credit is best characterized as an **affirmative defense** to a minimum wage claim, and it is the **employer's burden** to prove the tip credit applies. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979).

For example, in *Lopez v. La Hacienda Mexican Grill, Inc.*, the plaintiff moved for a default judgment on his FLSA minimum wage and overtime claims after the defendants failed to appear and respond to the complaint. 8:13-CV-350-T-33MAP, 2013 WL 2949137, at *1 (M.D. Fla. June 14, 2013). The plaintiff worked for tips only and was not paid wages by the employer. *Id.* at *3. The court, applying *Barcellona*, held that the plaintiff was entitled to back wages at the full minimum wage—not the tip credit minimum wage—because the defendants did not use the permitted tip credit plan under § 203(m) and did not inform the employees of the provisions of § 203(m) and entered a default judgment accordingly. *Id.;* see also *Reich v. Priba Corp.*, 890 F. Supp. 586, 595 (N.D. Tex. 1995) (employer did not comply with § 203(m) and plaintiffs were entitled to back wages at the full minimum wage rate).

Here, none of the Plaintiffs received any remuneration from Defendants for any time worked, were not informed of the provisions of § 203(m), and were not paid in accordance with § 203(m). See **Exhibits 1-5**. Given the tip credit is an affirmative defense for which Defendants carry the burden, their failure to appear and answer the lawsuit precludes the application of the tip credit.

Further, even if Defendants did answer and assert the tip credit affirmative defense, the uncontroverted evidence proves that they would not be entitled to the benefit of the tip credit due to not complying with § 203(m)'s requirements.

Plaintiffs' hours worked, tenures, and back wages calculations are shown in **Exhibit 6**.

Plaintiffs' back wages, liquidated damages, and total damages are as follows:

| Name | Back Wages | Liquidated | Total Damages |
|---|---|---|---|
| Kori Staub | $42,272.80 | $42,272.80 | $84,545.60 |
| Morgan Jones | $21,535.20 | $21,535.20 | $43,070.40 |
| Katie Carlton | $27,552.00 | $27,552.00 | $55,104.00 |
| Teresa Autery | $57,553.92 | $57,553.92 | $115,107.84 |
| Jessica Aytes | $37,747.13 | $37,747.13 | $75,494.25 |

### C. Attorney's Fees and Costs.

Plaintiff also seeks their attorney's fees under the FLSA. The award of attorney's fees is authorized under the FLSA, which mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action ..." 29 U.S.C. § 216(b).

The Fifth Circuit uses the "lodestar" method to calculate attorneys' fees, which carries a strong presumption of reasonableness. *Heidtman v. Cnty, of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[W]e use the lodestar method to calculate an appropriate attorney's fee award under the FLSA."). Using this method, the number of hours an attorney reasonably spent on the case is multiplied by the market rate in the community for such work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685

F.3d 486, 490 (5th Cir. 2012).

Plaintiff's attorneys have supported the requested fees by sworn declaration, logging the hours spent working on the Plaintiffs' action with explanation of the work rendered in connection with this case, and noting their hourly rates as in accordance with that customarily charged by attorneys with their skill and experience in cases of this nature. See **Exhibit 7**, Affidavit of Eric Kolder. The total attorney's fees incurred through the filing of this Motion are $10,915.00, and the anticipated additional fees for initial collection efforts are $1,000.

Plaintiff also seeks costs in the amount of $1,385.80, including $400 for the filing fee in this case and $985.80 for service of process.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully requests that a final judgment be entered against Defendants in the amounts shown on the attached proposed Final Judgment. Plaintiffs further requests that this Honorable Court award attorney's fees in the amount of $11,915.00 and costs in the amount of $1,385.80 for total fees and costs in the amount of $13,300.80.

Respectfully submitted,

/s/ *Eric Kolder*_____
ERIC KOLDER
State Bar Card No. 24083323
ekolder@rameyflock.com
ARCHER K. RAMEY
State Bar No. 24103596
aramey@rameyflock.com
100 E. Ferguson, Suite 404
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I certify that on July 10, 2020, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                   */s/ Eric Kolder*_____
                                                 Eric Kolder,   Attorney for Plaintiffs